ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY - 6 2013

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRADLEY HAROLD ANDREWS,           §
                                  §
              Petitioner,         §
                                  §
v.                                §        No. 4:13-CV-121-A
                                  §
DEE ANDERSON, Sheriff,            §
Tarrant County, Texas,            §
                                  §
              Respondent.         §

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by petitioner, Bradley Harold Andrews, a
state prisoner currently incarcerated in the Tarrant County jail
in Fort Worth, Texas, against Dee Anderson, Sheriff of Tarrant
County, respondent.  After having considered the pleadings, state
court records, and relief sought by petitioner, the court has
concluded that the petition should be dismissed.

I.  Factual and Procedural History

Petitioner is serving a seven-year sentence for his 2011
Tarrant County conviction for burglary of a habitation in cause
number 1204957D.  (Pet. at 2)  In this habeas petition,
petitioner challenges a disciplinary proceeding conducted at the
jail in Disciplinary Case No. D84233.  (*Id.* at 5) Petitioner was

charged with accepting commissary items, a C-8 violation, and possessing an altered item or contraband, a D-13 violation, both allegedly major infractions. (*Id.*) Petitioner asserts he appealed the guilty findings. (*Id.*) Respondent has filed a motion to dismiss the petition for failure to raise a cognizable claim. (Resp't MTD at 3-5)

## II.   Issues

Petitioner claims (1) the disciplinary process was heard by a prejudiced and unjust disciplinary board and appeals board, (2) the evidence was legally insufficient to support a guilty verdict for a major infraction, (3) the disciplinary charges were brought in retaliation against him by the disciplinary board and appeals board, and (4) Lieutenant Olds made a false allegation against him to be able to "make a disciplinary" case. (Pet. at 6-7)  He seeks a reversal of the guilty verdicts, expungement of the disciplinary action from his record, injunctive relief, and an immediate stay of all other disciplinary sanctions. (*Id.* at 7)

## III.   Discussion

A state prisoner seeking federal habeas review pursuant to § 2254 must assert a violation of a federal constitutional right to be entitled to such relief. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993).  In the context of disciplinary

2

proceedings, habeas relief is appropriate when the allegations concern punishment which may ultimately affect the length of an inmate's confinement. *Cook v. Tx. Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Thus, a petition for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of time credits, which could conceivably lengthen an inmate's duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972).

This case does not involve the loss of time credits. To the extent the disciplinary proceeding resulted only in loss of privileges, which do not impact the fact or duration of confinement, the petition does not raise a cognizable constitutional claim on federal habeas review. *See Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)

For the reasons discussed herein,

The court ORDERS that respondent's motion to dismiss be, and is hereby, granted and the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed for failure to state a cognizable claim.

3

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED May _____6_____, 2013.


JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

4